## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE: JORGE R. PADILLA ROSARIO** | **Case No. 17-03505 (BKT)** |
| **Debtor** | **Chapter 13** |
| **BANCO POPULAR DE PUERTO RICO** | **Adv. Proc. No. 18-00016** |
| **PLAINTIFF** | **Re: Declaratory Judgment; Dischargeability of Debt pursuant to 11 U.S.C. 523(a)(2); revocation of confirmation order pursuant to 11 U.S.C. 1330(a)** |
| **v.** | |
| **JORGE R. PADILLA ROSARIO** | |
| **DEFENDANT** | |

### AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, **Banco Popular de Puerto Rico** ("BPPR"), through the undersigned attorney, and respectfully states and requests:

1.      BPPR is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. Its postal address is the following: PO Box 362708, San Juan, Puerto Rico 00936; and its physical address is the following: Centro Europa #201, Ponce de Leon Ave #149, San Juan, Puerto Rico 00907.

2.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157 (b)(2)(I) and 11 U.S.C. §523 (a)(2)(A). The proceeding relates to the Debtors' Chapter 13 case now pending before the Court and arises under the provisions of 11 U.S.C. §1301 et. seq. This is an

adversary proceeding brought pursuant to Bankruptcy Rule 7001(5), (6) and (9), and constitutes a "core" proceeding as defined in title 28 U.S.C. § 157(b)(2)(I).

3.     Venue lies with this Court pursuant to 28 U.S.C. § 1409(a).

4.     The Debtor filed his voluntary bankruptcy petition on May 19, 2017.

5.     BPPR has one claim against Debtor. Proof of Claim 3-1, submitted on June 8, 2017, as amended by Proof of Claim 3-2 on June 9, 2017 for monies owed to BPPR in the amount of $79,146.07 for a mortgage loan granted to debtor, amount that includes, principal, interests and charges (hereinafter, the Claim). See Proof of Claim 3-2.

6.     Although the claim stems from a mortgage note and the corresponding mortgage deed securing such mortgage note subscribed by Defendant, it does not enjoy secured status as the deed of mortgage was not recorded at the Puerto Rico Registry of the Property.

7.     For value received, on November 12, 2004, Defendant subscribed a mortgage note to the order Doral Mortgage Corp., promising to pay the principal sum of $96,700.00, with interests on the unpaid principal balance from the date of the note at the rate of 6.25%. Defendant subscribed the note before public notary Miguel A. Hernandez Sanabria, under affidavit number 10,641 ("Note 1"). See Exhibit 1 of the Original Complaint.   Principal and interests on Note 1 were payable in consecutive monthly installments of $595.40 on the first day of each month beginning on January 2005. The principal amount due plus interests, was subject to acceleration at the option of the Note 1 holder in case of default for nonpayment of any installment. The indebtedness evidenced by the Note 1 was secured by a first priority mortgage over certain property of the Defendant, agreed upon by Defendant under deed of mortgage number 361 of November 12, 2004, before public notary Miguel A. Hernandez Sanabria ("Deed of Mortgage"). See Exhibit 2 of the Original Complaint.

8.      Note 1 was subsequently endorsed and assigned by Doral Bank and currently BPPR is the note holder.

9.      The Deed of Mortgage was supposed to encumber as a first priority mortgage over this property (in the Spanish language) allegedly owned by the Defendant at the Puerto Rico Property Registry:

> *RUSTICA: Solar marcado en la Urbanización Villa Carolina, situado en el Barrio Hoyo Mulas de Carolina, marcado con el número tres (3) de la manzana cincuenta y cinco (55), con un área de trescientos dieciocho (318.00) metros cuadrados. En lindes por el Norte, con solar número dos (2) en veinticuatro metros (24.00); por el Sur, con el solar número cuatro (4), distancia de veinticuatro (24.00) metros; por el Este, con la calle número cincuenta y dos (52), distancia de trece punto veinte cinco (13.25) metros; por el Oeste, con solar número diez (10), en distancia de trece punto veinticinco (13.25) metros.*
> *Enclava edificación.*
> (the "Property"   ).

10.     According to certain facts and events that will be more fully explained herein, the Property is not owned by the Defendant and therefore is not property of the estate. Defendant has never acquired title to the Property in a valid manner and the transactions that led to the registration of his fee simple title before the Puerto Rico Registry of the Property are null *ab initio*.  Since the Defendant has never been the owner in fee simple of the Property, it falsely represented to the lender his ownership interest when it mortgaged the Property.

11.     On October 29, 1998, Mrs. Nereida Rosario Apolinaris (hereinafter, "Rosario Apolinaris"), at the time unmarried and the mother of Defendant, appeared before public notary Ramón E. Riancho Sanchez to execute the deed of purchase and sale number 3 of that year. See Exhibit 3 of the Original Complaint. Rosario Apolinaris appeared as the buyer to acquire from Mr. José Javier Severino and Mrs. Zulma Enid Pietri Alberti the Property. Through the deed of purchase and sale number 3, Rosario Apolinaris represented that was acquiring the Property for the amount of $105,000.00 in her own name.

12.    Five years later, on January 19, 2004, Rosario Apolinaris and the Defendant appeared before public notary Ruth Myrna Pizarro Rodriguez to execute the Ratification of Purchase and Sale Deed Number 2 of that year. See Exhibit 4 of the Original Complaint. In the deed of ratification Rosario Apolinaris and Defendant stated that when Rosario Apolinaris purchased the Property in 1988, Defendant was a minor. Rosario Apolinaris stated that when she acquired the Property in 1988 the money she used to pay for the Property belonged solely to Defendant from his earnings as a professional baseball player. Again in 1988, Debtor was a minor, and had not been emancipated by Debtor's mother.

13.    According to deed of ratification of purchase the purpose of its execution was for the Defendant to ratify the purchase of the Property in 1998 by his mother with his money while he could not consent, so that the Property could be recorded at the Property Registry as his own.

14.    On February 11, 2009, public notary Ruth Myrna Pizarro Rodriguez issued a clarification act numbered 1 of to explain that in 1988 Defendant's mother appeared before public notary Ramón E. Riancho Sanchez to execute the deed of purchase and sale number 3, because her son, the Defendant, was a minor and that the money she used to acquire the Property came from his employment as a professional baseball player. See Exhibit 5 of the Original Complaint.

15.    Defendant's bankruptcy petition provided that he owns a legal or equitable interest over the Property, when Debtor has no property interest or equitable right to such Property, as we explain below.

16.    After reviewing the deed no. 2 dated January 19, 2004 of Ratification of Purchase and Sale Deed of notary public Ruth Myrna Pizarro-Rodriguez and deed no. 1 dated February 11, 2009 of Clarification of the same notary public, and the Supreme Court of Puerto Rico applicable case law,

it is clear that the recording the original deed of purchase sale no. 3 dated October 29, 1998 of notary public Ramon E. Riancho-Sanchez was null *ab initio*.

17.     The original purchase and sale deed of Rosario Apolinaris was recorded, because Rosario Apolinaris did not disclose to the notary that the funds used to pay for the Property were owned by her non-emancipated child, the Defendant.

18.     Under the Supreme Court of Puerto Rico precedents a parent with custody of a non-emancipated child and who utilizes funds from the children, is required by law to obtain prior judicial approval if the funds to be utilized are greater than $2,000.  Here Rosario Apolinaris used $40,995.28 plus two additional checks totaling over $60,000 to complete the $105,000.00 purchase price. She did not provide to the notary public or to anyone evidence of having obtained the prior judicial approval for the use of Defendant's money as a minor.

19.      As per the deed no. 2 dated January 19, 2004 of Ratification of Purchase and Sale Deed of notary public Ruth Myrna Pizarro-Rodriguez the funds used by Rosario Apolinaris were property of her son, the Defendant, and she failed to disclose that critical piece of information in 1998, and to obtain prior court approval.

20.     Had that information being disclosed to the notary public in 1998, the deed of purchase would not have been executed, and furthermore the Registrar would not have recorded the 1998 deed nor deed no. 2 dated January 19, 2004 of Ratification of Purchase and Sale Deed of notary public Ruth Myrna Pizarro-Rodriguez.  In the deed of Ratification of Purchase and Sale the parties confer to the notary public that 100% of the proceeds of the original sale were owned by Rosario Apolinaris' non-emancipated minor.

21.     The first paragraph of Art. 4 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4, provides that acts executed against the law are null, except where the same law order their validity.  For its part

Art. 159 of the Civil Code, 31 L.P.R.A. § 616, expressly requires prior authorization from the Superior Court, based on proven need or utility, for the alienation of real property or personal property exceeding $2,000.  The judicial authorization supplements the minor's lack of capacity to consent to the transaction. That is why it must be obtained prior to the transaction, since a later approval from the court does not validate the act. <u>Vilariño Martínez v. Registrador</u>, 89 D.P.R. 598, 602-603 (1963). A transaction in which the assets of a person unable to consent are disposed of, such as a non-emancipated minor, without the required judicial authorization, voids the transaction. <u>In re Lopez Olmedo</u>, 125 D.P.R. 265, 278 (1990). In addition, it constitutes a non-rectifiable defect. <u>First Fed. Savs. v. Nazario et al.</u>, 138 D.P.R. 872, 885 (1995).  Therefore, the original deed of purchase and sale was null *ab initio*.

22.     Because Rosario Apolinaris misled the notary public and all subsequent good faith third parties in failing to obtain judicial approval, the Registrar's original review and approval of the 1998 transaction should be reversed because the original deed was null *ab initio*.  The 1998 transaction of purchase and sale never existed.  Since it did not exist, then the 2004 transaction could not be rectified by the now adult child without the appearance of the original owners.  Based on this sequence of events, the property is not owned by the Defendant and therefore is not property of the estate.  The Defendant never acquired title to the Property.  The Defendant at this time cannot go back to put this scheme back together because it never existed.  Since the Defendant was not the owner in fee simple of the Property, it falsely represented to the lender when it mortgaged the Property.

23.     Further based on the foregoing the Defendant would not receive a discharge of the obligations to BPPR under §523(a)(2) because the money from the loan was obtained by a false representation of the borrower claiming to be fee simple owner of the Property when in fact he was not.

24.     It is Plaintiff's contention that its proof of claim 3-1 cannot be discharged pursuant to

11 U.S.C. §523 (a)(2)(A) of the Bankruptcy Code. According to the cited provision

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title
> does no discharge an individual debtor from any debt—
> . . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit,
> to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement
> respecting the Debtors' or an insider's financial condition;
> . . . .

25.     According to 11 U.S.C. § 523 (c)(1) after a notice and a hearing, the court can

determine that BPPR's claims cannot be discharged under 11 U.S.C. §523 (a)(2)(A) of the Bankruptcy

Code.

### THE CHAPTER 13 PLAN CONFIRMATION WAS PROCURED BY FRAUD

26.     Banco Popular was listed in the Defendant's Chapter 13 petition under Schedule D as

a secured creditor in the amount of $82,000.00. See ECF no. 1.  However, on August 8, 2017,

Defendant amended Schedule E/F to change Banco Popular from a secured creditor under Schedule

D to an unsecured creditor. See ECF no. 17.

27.     On January 10, 2018, the Defendant submitted an amended Chapter 13 plan, providing

for 60 payments to be made directly to the Chapter 13 trustee in the global amount of $76,949, but

the Defendant's Chapter 13 plan was proposed under the false pretense that Debtor owned the

Property.  Since the Property is not owned by Defendant, due Defendant's mother's failure to obtain

judicial approval prior to using Defendant's moneys to acquire the Property, Defendant's entire

Chapter 13 petition and plan was predicated on a false and therefore fraudulent assumption.

28.     Defendant knowingly and intentionally provided false information to this Court when

he submitted a plan that listed the Property as an asset of the bankruptcy estate. Defendant made a

materially false representation during the confirmation process that the debtor knew to be false, or

was made either without the Defendant s belief in its truth, or with reckless disregard for the truth. The Defendant made the representation and induced this Court to rely upon it; and this Court did in fact rely on the materially false representation; and as a result of the reliance, the Court confirmed the plan.

29. Therefore Defendant's Chapter 13 calculation made for the treatment of non-priority unsecured claims under a liquidation of the estate property under a Chapter 7 is incorrect, as well as all other assumptions which relied on Defendant's ownership of the Property.

30. Defendant's Chapter 13 plan was confirmed without objection by Order dated February 6, 2018. See ECF no. 45. However, to allow the Defendant to profit from his false pretense of facts regarding his non-ownership rights to the Property is a hardship on all Defendant's unsecured creditors, and operates to vitiate a portion of the Bankruptcy Code. Discharge has not yet been archived, Banco Popular is seeking through this adversary proceeding to litigate this issue of nullity of the deed of purchase and sale of the Property by Defendant's mother, and thus the successive tract of Defendant's claim to own the Property.

31. This Honorable Court is thus confronted with the issue of whether a debtor can take advantage from these false pretenses and so subvert the Bankruptcy Code simply because a lender discovers post-confirmation that Defendant's title to his sole real property is non-existent because Defendant's mother violated Puerto Rico law at the moment of acquisition of the Property.

32. The Order confirming the Chapter 13 must be revoked, the Defendant procured the confirmation of a plan under the false pretense that the Property was part of his estate, when in fact it never entered into his estate in the first place.

**WHEREFORE**, Plaintiff respectfully requests from this Honorable Court to (1) issue a declaratory judgment stating that the Property is not owned by the Defendant and therefore is not

Property of the estate; (2) that the recordation of the Property before the Puerto Rico Property Registry was *ab initio*; (3) to determine that BPPR's proof of claim is not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code; (4) to revoke the confirmation order pursuant to 11 U.S.C. 1330(a); (5) to award BPPR costs and disbursements of this action, and any other or further relief as the Court may deem appropriate under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on April 10, 2018.

<div style="margin-left:40%">

*Counsels for Creditor*- Banco Popular de Puerto Rico
*/s/Juan C. Salichs, Esq.*
USDC-PR No. 211610

*/S/Ramón L. Ramos-Aponte*
USDC-PR No.304606

PO BOX 195553
San Juan, Puerto Rico 00919-5553
Tel. (787) 449-6000
Fax (787) 474-3892
*S/*Juan C. Salichs
JUAN C. SALICHS
E-mail: jsalichs@splawpr.com
rramos@splawpr.com

</div>

**CERTIFICATE OF SERVICE**: **I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to all parties in interest registered in this case for CM/ECF notice, including but not limited to: U.S. Trustee's Office, Ochoa Building, Suite 301, 500 Tanca Street, Old San Juan, P.R. 00906, and José R. Carrión, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. Also on this same date a true and exact copy of the foregoing has been sent by regular mail to: Wanda I. Luna Martínez**,** Counsel for Debtor PMB 389, P.O. Box 194000, San Juan, PR 00919, and to **US Trustee**, Edificio Ochoa 500 Tanca Street Suite 301 San Juan, PR 00901-1922.