**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-03505 BKT** |
| **JORGE R PADILLA ROSARIO** | **Chapter 13** |
| | **Adversary No. 18-00016** |
| **Debtor(s)** | |
| **BANCO POPULAR DE PUERTO RICO** | |
| **Plaintiff** | |
| **vs.** | |
| **JORGE R PADILLA ROSARIO** | |
| **Defendant(s)** | **FILED & ENTERED ON 09/10/2018** |

**OPINION & ORDER**

Before the court is Defendant/Debtor Jorge Padilla Rosario (hereinafter "Defendant") *Second Motion to Dismiss Amended Complaint* [Dkt. No. 24] and Plaintiff Banco Popular de Puerto Rico's (hereinafter "BPPR") *Opposition to Second Motion to Dismiss* [Dkt. No. 27]. The court shall first considers the pleading requirements pursuant to Fed. R. Civ. P. 12, made applicable to bankruptcy cases through Fed. R. Bankr. P. 7012. The *Amended Complaint* was filed April 10, 2018 [Dkt. No.

14], followed by the Plaintiff's *Answer to Amended Complaint* filed on June 11, 2018 [Dkt. No. 23].

Thereafter on June 11, 2018, the Plaintiff filed their *Second Motion to Dismiss Amended Complaint*

[Dkt. No. 24].

Pursuant to Federal Rule of Civil Procedure 12 (b) which states in pertinent part:

…

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

**A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.** If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion. (emphasis ours).

The Federal Rules of Civil Procedure are clear. A defendant may not bring a Rule 12(b) motion after such defendant answers the complaint. As such, Defendant's *Second Motion to Dismiss Amended Complaint* [Dkt. No. 24] is barred as a matter of law. See <u>Brisk v. City of Miami Beach</u>, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) (once defendants file their answer it becomes procedurally

impossible for the Court to rule on motions to dismiss); Paul v. McGhee, 577 F. Supp. 460, 462 (E.D. Tenn 1983) (motions to dismiss filed after the answer is filed are moot).

Because Defendant's motion to dismiss is untimely, it will therefore be DENIED. The Clerk shall schedule the Initial Scheduling Conference forthwith.

SO ORDERED

San Juan, Puerto Rico, this 10th day of September, 2018.

Brian K. Tester
U.S. Bankruptcy Judge